IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 05–cv–01842–EWN–MEH

MONSEL DUNGEN,

    Applicant,

v.

AL ESTEP and THE ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

    Respondents.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the court on the "Recommendation of United States Magistrate Judge" (Doc. No. 17). Applicant has objected to the recommendation. I have conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, I have concluded that the recommendation is a correct application of the facts and the law.

Respondents interposed two sets of procedural defenses at the threshold — statute of limitations and failure to exhaust state court remedies. After rejecting Respondents' argument that the entire case is barred by the applicable ADEPA statute of limitations, the magistrate judge next decided that certain claims or parts of claims had not been exhausted, a determination to which there has been no objection. The magistrate judge further determined that there was no

excuse for failure to exhaust, reasoning that (1) there was no newly-developed evidence indicating that Applicant was actually innocent and (2) that Applicant could not claim ineffective assistance of counsel as a "cause" for his failure to exhaust, because there is no constitutional right to counsel in collateral attacks on a conviction (citing, *inter alia, Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Applicant objects to both of the magistrate judge's reasons for determining that there was no excuse for failure to exhaust. The court disagrees with him. As to his "actual innocence" objection, the court has carefully reviewed his Traverse to Answer, his objections, and the traverse exhibits (F and G) cited in his objections. He makes general, conclusory allegations concerning what a witness (his alibi witness, for example) *might* have said or what additional investigation *might* have disclosed, but his ruminations do not convince the court that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo* 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 [1986]).

Applicant's claim that he has cause for failing to exhaust state court procedures is equally unavailing. The magistrate judge correctly suggests that there is no constitutional right to counsel in collateral attacks on criminal convictions. The claims or parts of claims which are unexhausted could, and should, have been raised in his collateral attacks launched in state court. They were not raised in the collateral attacks, and they are thus procedurally defaulted. Because Applicant was not entitled to counsel in the state collateral attacks, it follows that he cannot assign ineffective assistance of counsel as a reason for his procedural default. Applicant's case citations to the contrary are all distinguishable, since the procedurally defaulted claim at issue in

those cases was one which should have been raised on *direct appeal*, a circumstance in which a defendant does have a constitutional right to effective assistance of counsel. *See, e.g., Edwards v. Carpenter*, 529 U.S. 446 (2000).

The foregoing disposition of the technically unexhausted claims leave six claims which have been fully or partly exhausted. The magistrate judge recommends dismissal of these claims. Applicant's objections pursue only three of those claims on the merits: (1) claim two, alleging prosecutorial misuse of peremptory jury challenges under *Batson v. Kentucky*, 476 U.S. 79 (1986), and its progeny, (2) claim three, alleging prosecutorial misconduct, and (3) claim four, alleging a violation of his constitutional rights by the state trial court's communication with the jury outside the presence of him and his counsel. The magistrate judge correctly delineated and applied the deferential and narrow standard under which this court reviews the state courts' legal and factual conclusions under 28 U.S.C. § 2254(d)(1)–(2) (2008). Applicant appears to challenge only the magistrate judge's application of the standard to the facts in this case.

*Claim Two —* <u>Batson</u> *Challenges by Prosecution.*

There are two aspects to this argument. First, the prosecution exercised a peremptory challenge to the only prospective black juror. Second, the prosecution peremptorily challenged five of seven Hispanic jurors. The trial court ruled that Defendant had made a *prima facie* showing of discrimination as to the black juror. The prosecutor then presented a race-neutral explanation — that the juror deliberately failed to disclosed during *voir dire* that he had a felony conviction — and the trial court ruled on all the evidence that Defendant had not established purposeful discrimination. The trial court ruled, however, that Defendant had not even made a

*prima facie* showing as to the Hispanics and therefore did not require the prosecutor to present a neutral reason for the challenges. The Colorado Court of Appeals agreed with the trial court on both rulings.

In his objections concerning the black person excluded from service, Applicant claims that the black venire man was the only one as to whom the prosecutor conducted an investigation, which, in turn, produced the felony conviction which became part of the factual basis for exclusion of the juror. Although Applicant has so alleged both here and in the state court, he has failed to supply any record of proceedings or otherwise to support the allegation that choosing to investigate the black venire man was discriminatory. He has also failed to cite any authority for the proposition that a hypothetical discriminatory investigation which turns up neutral information legitimizing a *Batson* challenge somehow fatally infects that otherwise proper challenge. He has thus failed to show that the state courts' determinations were contrary to clearly established federal law, unreasonably applied the law, or erred in determining the facts.

As to the five Hispanic venire persons, the magistrate judge relied on *Central Alabama Fair Housing Center, Inc. v. Lowder Realty Co., Inc*., 236 F.3d 629, 637 (11th Cir. 2000), in suggesting, "[A] showing that a party used its authorized peremptory strikes against jurors of one race does not, standing alone, establish a *prima facie* case of discrimination." Applicant takes issue with this legal analysis but cites no authority for his position, and the court is persuaded by *Lowder* and the other authority cited by the magistrate judge. Applicant also reviews the circumstances of each of the challenged jurors and claims that the state court of appeals engaged

in a selective reading of the trial record to reach its conclusion that he had failed to make a *prima facie* case of discrimination. Since the actual trial record has not been supplied in these proceedings, there is no factual basis for his claims. This court is required by statute to presume that the Colorado Court of Appeals was correct.

*Claim Three — Prosecutorial Misconduct*

Before the magistrate judge, Applicant asserted ten allegations of misconduct. As an initial matter, the magistrate judge noted that eight of these allegations had been asserted in a post conviction proceeding in state court but that the only issue pursued on appeal there was the claim that the trial court erred in denying the allegations without an evidentiary hearing. (Doc. No. 14, Ex. U and Ex. W.) Applicant did not make any of the arguments concerning alleged prejudice which he is asserting here. The magistrate judge thus suggests that all ten claims are unexhausted because Applicant failed to develop in state court the arguments detailed here for the first time. The court agrees with this suggestion, and Applicant does not challenge it. Thus, the court denies the prosecutorial misconduct claim as procedurally barred.

The magistrate judge alternatively determined that each of the prosecutorial misconduct claims should be denied on the merits. In his objections, Applicant mentions and pursues only three of the claims: (1) the claim that the prosecutor mentioned in closing argument about photographs which had not been admitted into evidence; (2) the claim that the prosecutor impermissibly vouched for the testimony of James Buckman, an associate of Applicant; and (3) the claim that the prosecutor generally made "utterances, derogatory remarks, and jesters [sic] about the Applicant being a murderer." Focusing on these three claims, the court has reviewed

the magistrate judge's discussion in light of the part of the record which has been developed as Doc. No. 14. For the reasons stated by the magistrate judge, the three surviving claims for prosecutorial misconduct must, in the alternative, be dismissed on the merits.

*Claim Four — Trial Court Communication With Jury Without Presence of Applicant and Counsel*

During jury deliberations, the trial court, responding to a jury question concerning the whereabouts of certain photographs, informed the jury that they had not been received in evidence. As an initial factual matter, Applicant persists in arguing that this occurred outside the presence of *both* him and his counsel. While he is apparently correct that he was not present, the record (cited correctly by the magistrate judge) establishes that his counsel was present. The question presented is whether the state court of appeals' holding that Applicant's personal presence was unnecessary in these circumstances was contrary to, or an unreasonable application of, Supreme Court precedent. Based on the reasoning and authorities found at page 25 of the magistrate judge's recommendation (Doc. No. 17), the court concludes that it was not.

There remain two claims which Applicant discusses in his objections, but his position is not clear, and his discussion is confusing. They are claim six (claiming a violation of his fifth, sixth, and fourteenth amendment rights by an allegedly unlawful stop, search, and seizure) and claim seven (concerning hearsay statements, the admission of which allegedly violated his sixth, and fourteenth amendment rights). The magistrate judge correctly determined that these claims were only partly exhausted, and he proceeded to discuss the exhausted parts on the merits. Applicant, at page ten of his objections (Doc. No. 18) states, "Applicant objectes to Claim Six

being unexhausted for reasons of the claim being filed under the Fifth, Sixth, and Fourteenth Amendments." Comparing this language with the magistrate judge's rulings, it is not clear to the court whether Applicant really intended to refer to claim seven but mistakenly labeled it as "Claim Six." In any event, his objections do not challenge any aspect of the magistrate judge's recommendations on the substance of the either exhausted claim. He has therefore failed to preserve this aspect of either claim six or seven. As to the unexhausted aspects of either claim, his reasons for failure to exhaust are unavailing, for reasons previously discussed.

For the reasons recited herein, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. The case and all claims asserted are hereby DISMISSED with prejudice.

DATED this 26th day of August, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge